## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

GARY J. GIESELMAN,      )
                         )
         Plaintiff,      )
                         )
     v.               )        No. 4:07CV1510 AGF
                         )
CITY OF DESOTO, et al.,     )
                         )
        Defendants.    )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Gary Gieselman for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss those portions of it that are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the City of Desoto, Unknown Krauss (Police Officer, Desoto), Unknown Mungesper (same), Unknown Draper (same), Brian Werner (Police Chief, Desoto), Jefferson County, Robert Wilkins (Prosecuting Attorney, Jefferson County), Shannon Dougherty-Lee (Assistant Prosecuting Attorney, Jefferson County), Mark T. Stoll (Circuit Judge, Jefferson County), the Office of the State Public Defender, and Tony Mansuali (Public Defender, Jefferson County).  The complaint seeks monetary relief.

Plaintiff alleges that he was arrested by defendants Krauss and Mungesper on August 28, 2005, while he was walking down the side of a street. Plaintiff maintains that Krauss falsified the Probable Cause Statement Form after the arrrest was made. Plaintiff claims that he was subsequently detained at the Desoto Jail. Plaintiff says that while he was detained Draper refused to give him food and water and harassed him. Plaintiff alleges that he requested that defendant Werner review surveillance video tapes that would show that there was no probable cause to arrest him and that Werner refused to do so. Plaintiff claims that the City of Desoto failed to adequately train its police officers, which resulted in plaintiff's false arrest and unlawful detention.

Plaintiff states that he was transferred to the Jefferson County Jail on August 29, 2005, pursuant to a warrant issued by defendant Stoll. Plaintiff claims that bond was set at $50,000. Plaintiff claims that he was subsequently transferred to Washington County due to the negligence of Jefferson County employees. Plaintiff alleges that an agent of Washington County assaulted him or ordered another person to assault him. Plaintiff claims that Jefferson County failed to adequately train its police officers.

Plaintiff claims that in February 2006 defendant Stoll ordered the Office of the Public Defender to represent plaintiff but that the Office refused to do so because of a conflict of interest. Plaintiff claims that his appointed counsel failed to advise him of a pending court hearing and, as a result, he missed the hearing. Plaintiff says that

because he missed the hearing a failure to appear warrant was issued and he was required to post bond in the amount of $50,000. Plaintiff says that he was assigned a special public defender in July 2007.

On July 12, 2007, the assistant prosecuting attorney filed a nolle prosequi in the court because the alleged victim failed to provide the government with her contact information and never contacted the prosecutor with regard to the case.

## Discussion

The complaint survives initial review as to defendants City of Desoto, Unknown Krauss, Unknown Mungesper, and Unknown Draper. As a result, the Court will order the Clerk to serve process or cause process to issue as to these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Werner was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim against Werner.

Plaintiff's complaint is legally frivolous as to defendants Wilkins and Dougherty-Lee because where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Plaintiff's complaint is legally frivolous as to Judge Stoll because he is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

The complaint fails to state a claim against the Office of the Public Defender or Tony Mansuali because these defendants are not "state actors" for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

The complaint fails to state a claim against Jefferson County because the allegations pertaining to this defendant sound in negligence; allegations of negligence are insufficient to support a claim for relief under § 1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

For the reasons stated above, defendants Brian Werner, Jefferson County, Robert Wilkins, Shannon Dougherty-Lee, Mark T. Stoll, the Office of the State Public Defender, and Tony Mansuali will be dismissed from this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants City of Desoto, Unknown Krauss, Unknown Mungesper, and Unknown Draper.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Brian Werner, Jefferson County, Robert Wilkins, Shannon Dougherty-Lee, Mark T. Stoll, the Office of the State Public Defender, or Tony Mansuali because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 31st Day of October, 2007.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE