UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY J. GIESELMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07CV1510 AGF |
| CITY OF DESOTO, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is plaintiff's amended complaint and motion for service of notice of the amended complaint upon defendants. Plaintiff filed this action pursuant to 42 U.S.C. §1983 on August 27, 2007 against numerous defendants. Plaintiff sought to proceed in forma pauperis, which the Court granted on October 31, 2007. On this same date, the Court dismissed several of the defendants from the action because plaintiff's complaint was legally frivolous and/or failed to state a claim against those defendants. Plaintiff filed an amended complaint on November 14, 2007. Because plaintiff is proceeding in forma pauperis, the Court is obligated to review plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### Plaintiff's Amended Complaint

Plaintiff's amended complaint is somewhat convoluted and confusing. It appears that plaintiff is seeking to add both additional claims and parties to the complaint he filed with this Court on August 27, 2007. However, rather than filing an amended complaint encompassing all of his claims against all defendants, plaintiff has outlined what appears to be additional claims and parties in a piecemeal manner. Neither the original complaint, nor the amended complaint was submitted on the court-provided form for filing a complaint pursuant to 42 U.S.C. §1983.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil

Procedure. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Tex. 2000). Plaintiff's amended complaint fails to comply with both Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 8(a)(2) (complaint should contain a "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2) (each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b) (parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").

Plaintiff is required, to the best of his ability, to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. Because plaintiff has failed to do so, the Court is unable to determine which claims, if any, are frivolous or fail to state a claim.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file a second amended complaint on the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983, in accordance with the instructions set forth below. Moreover, because the Court is allowing Plaintiff to amend his complaint, it will take no action as to what appears to be additional claims and defendants at this time. Plaintiff is reminded that his second amended complaint will supersede his original complaint [Doc. #1] and first amended complaint [Doc. #6] and will be the only complaint the Court reviews. Thus, plaintiff must include in the

"Caption" of the second amended complaint all the defendants he wishes to sue; and in the "Statement of Claim," he must set out specific facts against each named defendant in a simple, concise, and direct manner. Plaintiff risks dismissal of the instant action if he fails to comply with this Court's instructions.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** plaintiff's motion for service of notice of the amended complaint upon defendants [Doc. #7] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon any additional defendants named in the amended complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint within thirty (30) days from the date of this Order. In the second amended complaint, plaintiff shall complete in its entirety, the court-provided form for filing a complaint pursuant to 42 U.S.C. §1983. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of the Claim," he shall set forth as to each named defendant the specific factual allegations supporting his claim against the particular defendant, as well as the specific rights that he claims the defendant violated. If plaintiff needs additional space to list all the defendants or to set out his claims against each defendant, he must attach additional sheets of paper to the second amended complaint and clearly identify them as part of his Caption or Statement of Claim. Plaintiff is advised that his second amended

complaint will supersede all of the complaints he has submitted to date, and it will be the only complaint the Court reviews.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided form for a plaintiff to file a "Complaint Under the Civil Rights Act, 42 U.S.C. §1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the second amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

Dated this 20th day of November, 2007.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE