# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GARY J. GIESELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1510 AGF |
| | ) | |
| CITY OF DESOTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's second amended complaint and defendants Unknown Draper's and City of Desoto's motion to dismiss, brought pursuant to Federal Rules of Civil Procedure 8 and 41(b).

## Procedural History

Plaintiff filed this action pursuant to 42 U.S.C. §1983 on August 27, 2007 against numerous defendants. Plaintiff sought to proceed in forma pauperis, which the Court granted on October 31, 2007. On this same date, the Court dismissed several of the defendants from the action because plaintiff's complaint was legally frivolous and/or failed to state a claim against those defendants. Plaintiff filed an amended complaint on November 14, 2007, which the Court reviewed, pursuant to 28 U.S.C. § 1915(e), on November 22, 2007. Because plaintiff's amended complaint failed to comply with Federal Rules of Civil Procedure 8 and 10, was

convoluted and confusing, and not submitted on a court-provided form, the Court ordered plaintiff to file a second amended complaint within thirty (30) days of the date of that Order. Plaintiff was told to file his second amended complaint on a court-provided form, and he was warned that the pleading must comply with Federal Rules of Civil Procedure 8 and 10 and "set out specific facts against each named defendant in a simple, concise, and direct manner." Plaintiff was additionally cautioned that his failure to comply with the Court's instructions could result in dismissal of the instant action.

## Plaintiff's Second Amended Complaint

Plaintiff's second amended complaint grossly fails to comply with this Court's instructions. Plaintiff refused to file his complaint on the court-provided form, as he was ordered to do, and instead filed a fifty-eight (58) page litany of rambling factual allegations, made up of more than 417 single-spaced paragraphs. And because plaintiff apparently failed to cover each and every allegation he wished to discuss within the confines of his first fifty-eight (58) pages, he added nine (9) attachments to his complaint, numbering an additional twenty-six (26) pages, most of which were also single-spaced.

Plaintiff's pro se status cannot provide a shield for his gross failure to comply with the Federal Rules of Civil Procedure and this Court's previous Order. See,

e.g., Michaels v. Nebraska State Bar Assoc., 717 F.2d 437 (8th Cir. 1983); Mangan v. Weinberger, 848 F.2d 909 (8th Cir. 1988); see also, U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Tex. 2000). His second amended complaint is unreasonably verbose, confusing and conclusory, far from the "short and plain statement" required by Federal Rule of Civil Procedure 8. For these reasons, and for his deliberate disregard of the Court's mandate ordering him to prepare his complaint on the court-provided form, plaintiff's complaint will be dismissed, pursuant to Federal Rules of Civil Procedure 8 and 41(b).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that defendants Unknown Draper's and City of Desoto's motion to dismiss [Doc. #11] is **GRANTED**. Plaintiff's complaint is subject to dismissal pursuant to Federal Rules of Civil Procedure 8 and 41(b). A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #13] is **DENIED AS MOOT**.

Dated this 17th Day of January, 2008.

/s/ Jean C. Hamilton
JEAN C. HAMILTON

UNITED STATES DISTRICT JUDGE